UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHON COAKLEY, as son and next of kin of ANGELA LYNN MARIE NEWTON, deceased,<br><br>                   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                   Defendant. | NO: 13-CV-0061-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 13 and 15). Plaintiff is represented by Rebecca M. Coufal. Defendant is represented by Thomas M. Elsberry. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## BACKGROUND AND ALJ'S FINDINGS

Plaintiff[1] filed several prior disability claims under Titles II and XVI and received unfavorable decisions over the years, including one dated February 26, 2010. Tr. 55-68. Upon review of that decision by this Court, the Commissioner's decision was affirmed. Case number CV-11-168-RHW, Judgment dated February 25, 2013.

On April 21, 2010, Plaintiff filed additional disability claims under Titles II and XVI, alleging disability beginning February 27, 2010, the day after the ALJ's prior decision. Plaintiff's applications were denied initially and upon reconsideration. Tr. 88-90, 94-98. Plaintiff timely requested a hearing (Tr. 99-100) and appeared with an attorney at a hearing before an ALJ on July 27, 2011. Tr. 28-51.

The ALJ issued a decision on September 6, 2011, finding that Plaintiff was not disabled under the Act. Tr. 12-20. First and foremost, the ALJ found Plaintiff

---

[1] For ease of reference the Court will refer to Ms. Newton as Plaintiff, even though the case is now being prosecuted by her son.

had a prior unfavorable decision and that she "had not proven 'changed circumstances' --- specifically an impairment not previously considered in the earlier decision, she has not met her burden rebutting the presumption of non-disability." Tr. 15. The ALJ found Plaintiff met the insured status requirements for Disability Insurance Benefits through March 31, 2010. Tr. 15. Next, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 27, 2010, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing of impairment. Tr. 15-17. The ALJ determined Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she cannot climb ladders/ropes/scaffolds; she needs to avoid concentrated exposure to hazards such as machinery and heights; and she is unable to perform more than simple, routine tasks that do not involve more than superficial contact with co-workers and the general public.

Tr. 17-20. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a locker room attendant. Tr. 20. Since the ALJ found that, Plaintiff could perform past relevant work, a finding of not disabled was made. Tr. 20.

On December 28, 2012, the Appeals Council denied Plaintiff's request for review (Tr. 1-5), making the ALJ's decision the Commissioner's final decision that is subject to judicial review. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981.

This action was timely filed on February 8, 2013. ECF No. 1. Subsequent to completion of the briefing on cross motions for summary judgment, Plaintiff passed away. ECF No. 16. Concurrently with this Order, the Court has substituted her son and next of kin, Stephon Coakley, as party plaintiff. However, Plaintiff's Title XVI claim expired upon her death, so the only open claim is her Title II claim. Accordingly, the only unadjudicated period is from February 27, 2010 until March 31, 2010, as Plaintiff was only insured under Title II for that closed period of time. *See* Tr. 15.

## ISSUE

Plaintiff seeks judicial review of the Commissioner's final decision denying Title II disability benefits. Plaintiff contends that her condition worsened during the period under review, from February 2010, after the ALJ's first denial, to September 2011, when the ALJ denied benefits again. ECF No. 13 at 10-11. But as the Court has just observed, the only relevant time is that period from February 27, 2010 to March 31, 2010. Plaintiff contends Dr. Cools stated that her condition would probably equal a listing of impairment. *Id*. at 12-13. She also contends that Dr. Angell's opinion was not properly rejected. *Id*. at 15.

The Commissioner contends that Plaintiff failed to show changed circumstances and greater disability, and that the final decision in this matter should be affirmed because it is supported by substantial evidence and contains no harmful legal error.  ECF No. 15 at 11.

## DISCUSSION

**A. Changed Circumstances and Greater Disability**

Under *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998), a claimant previously found not disabled is presumably not disabled unless she can show changed circumstances indicating a greater level of disability since the date of the prior decision.  "The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693.  Under the doctrine of res judicata, a prior, final determination of nondisability bars relitigation of that claim through the date of the prior decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). A prior, final determination of nondisability "create[s] a presumption that [the claimant] continued to be able to work after that date." *Id*. (citation and internal quotation marks omitted).  "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). In other words, the claimant

must show both "changed circumstances" and "greater disability." *See id.*

**B. Testifying Medical Expert Opinion of Dr. Cools, Ph.D.**

Plaintiff contends Dr. Cools stated that her condition would probably equal a listing of impairment. ECF No. 13 at 12-13. Medical expert Dr. Cools testified at the hearing based on his record review going back to 2000. Tr. 19. His opinion offered at the hearing did not specifically cite to any new medical evidence during the unadjudicated period under review. Tr. 34-40. The ALJ gave his opinion little weight as it was inconsistent with other substantial evidence in the record. Tr. 19. The ALJ noted that no treating or examining physician mentioned findings equivalent in severity to the criteria of any listed impairment. Tr. 16. The ALJ thoroughly discussed the criteria necessary to satisfy a listing 12.04, and concluded that the evidence in the record did not support such a finding. *Id*. This is particularly true with respect to evidence after February 2010. *Id*. Plaintiff has not overcome the ALJ's finding. The ALJ did not error by rejecting the ME's conclusion which is not supported by substantial evidence in the record.

**C. Treating Physician's Opinion**

Plaintiff contends that Dr. Angell's opinion was not properly rejected. ECF No. 13 at 15. Specifically, Plaintiff contends an increase in her knee problems.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201 -1202 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id*. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists. *Id*. (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id*. at 1203, n. 2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another

1  doctor's opinion, an ALJ may only reject it by providing specific and legitimate

2  reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d

3  at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

4      Plaintiff argues her treating physician, Dr. Angell, that the ALJ failed to

5  make findings about her knee problem. ECF No. 13 at 10-11. Yet, Plaintiff cites

6  to Dr. Angell's report covered by the prior denial of benefits period, December 24,

7  2009. Tr. 897. Additionally, Plaintiff contends Dr. VanderWilde's June 2010

8  report supports the increased severity of her knee problem. ECF No. 13 at 11. Dr.

9  VanderWilde's report does not support such assertion. His objective finding was

10 that Plaintiff's "knee has good range of motion. She has no ACL brace with her

11 today. She says she does not wear the brace." Tr. 904. His plan included that

12 "[s]he agrees to get a brace and use the brace for her knee." Tr. 905. He did not

13 attribute any worsening of the condition to the period after February 2010. The

14 ALJ found that Plaintiff "does not go to counseling, and she says that physical

15 therapy made her pain worse despite evidence to the contrary." Tr. 19-20. The

16 ALJ also found that she was unwilling to comply with knee bracing. Tr. 17. This

17 finding is a reasonable conclusion and supported by substantial evidence in the

18 record before the ALJ.

19 ///

20 ///

### D. Reduced GAF Score

Plaintiff contends the ALJ did not properly account for the decrease in her GAF. ECF No. 13 at 10, 16. Plaintiff argues that Dr. Brown found a GAF in February 2009 of 55 which decreased to 51 in the January 2010 evaluation. ECF No. 13 at 11. Both of these assessments are outside the unadjudicated period under review. The ALJ thoroughly discussed the limitations inherent in reliance upon a GAF score. Tr. 18 (where a medical source did not identify functional limitations that would provide a basis for the GAF score, the score may have been based on an individual's self-reported symptomatology.) Here, the ALJ found Plaintiff's claimed limiting effects of her symptoms not credible, Tr. 19, a finding not challenged in this appeal. While addressing an even lower subsequent GAF score outside the period under review, the ALJ observed that "an individual's GAF score is not equivalent to a finding of disability under the five-step sequential evaluation process." *Id*. "The [lower GAF score] is given very limited weight as it is unsupported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with other substantial evidence in the case record." *Id*. Plaintiff has not shown legal error or that the ALJ's findings were not supported by substantial evidence.

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

SUMMATION

Having thoroughly reviewed the record, the Court finds that the ALJ's determination that Plaintiff did not rebut the presumption of continuing non-disability is supported by substantial evidence in the record and otherwise free of legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** February 7, 2014.



THOMAS O. RICE
United States District Judge